IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. |
| v. | : : : | JURY TRIAL DEMAND |
| 1ST FRANKLIN FINANCIAL CORPORATION, | : : : : | |
| Defendant. | : : | |

## COMPLAINT

This is an action under Title I and V of the Americans with Disabilities Act of 1990, as amended ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Joseph Collins ("Collins") and a class of similarly aggrieved employees (the "Aggrieved Individuals") who were adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC") alleges that 1st Franklin Financial Corporation ("Defendant") discriminated against Collins when it failed to accommodate his disabilities, discharged him because of his actual and/or perceived disabilities, and/or discharged him in retaliation for engaging in protected activity, in violation of the ADA. The EEOC also alleges that Defendant discriminated against the Aggrieved Individuals when it failed to provide leave as an accommodation for their disabilities and/or discharged them because of their actual and/or perceived disabilities in violation of the ADA.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3), of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia and within the states in which Defendant operates.

## PARTIES

3. The EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, a Georgia corporation, has continuously been a corporation doing business in the state of Georgia and the City of McDonough, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Collins filed a Charge of Discrimination with the EEOC alleging violations of the ADA by Defendant.

8. On May 30, 2024, the EEOC issued to Defendant a Letter of Determination on Collins' Charge of Discrimination and on behalf of the Aggrieved Individuals finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The EEOC engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. On March 17, 2025, the EEOC issued to Defendant a Notice of Failure of Conciliation advising Defendant that the EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least October 2022, Defendant has engaged in unlawful employment practices in Georgia and at its other locations in Alabama, South Carolina, Mississippi, Tennessee, Louisiana, Texas, Kentucky, and Virginia, in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112, and Section 503 of Title V, 42 U.S.C. § 12203.

13. Collins is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

14. Collins has the impairment of Type 1 diabetes, which is a permanent autoimmune

disorder where his immune system mistakenly attacks and destroys the insulin-producing cells in the pancreas.

15. Collins also has the impairment of Edhlers Danlos Disorder, which is a permanent condition that affects his body's tissue, making his organs, including his heart, blood vessels, and arteries, and other structures more vulnerable to damage.

16. Collins' impairments substantially limit him in, at least, the major life activities of the normal functioning of his endocrine system, his cardiovascular system, his circulatory system, and the normal functioning of his organs, including his heart and pancreas, his musculoskeletal system, and his connective tissue.

17. When Collins had heart attacks, he was also substantially limited in, at least, the major life activities of the ability to care for himself, walking, talking, standing, speaking, lifting, bending, and performing manual tasks.

18. Defendant specializes in consumer loans and financing.

19. Collins was employed by Defendant as a Customer Service Representative at its McDonough, Georgia location and began working there on or about February 13, 2023.

20. Collins' job was to process consumer loans and follow up on the payment of existing loans.

21. Collins was qualified for the position that he held with Defendant and had the requisite skill, experience, education and other job-related requirements of the Customer Service Representative position.

22. Defendant hired Collins for the Customer Service Representative position just three months before it discharged him.

23. Collins successfully performed in the position until he was discharged by Defendant.

24. Collins self-disclosed on his job application and during his job interview with Defendant's Branch Manager and Regional Operations Director that he had Type 1 diabetes and Edhlers Danlos Disorder.

25. On or about April 26, 2023, Collins went to the hospital after feeling pain in his chest and feeling exhausted.

26. Collins was advised that he had suffered two major heart attacks and was admitted to the hospital. He was also told that his heart was operating at only 18% capacity.

27. Upon being admitted to the hospital, Collins was weak and immobile and had to speak in a whisper.

28. Nevertheless, on or about April 27, 2023, he communicated to Respondent's Acting General Manager that he had suffered two heart attacks, was in the hospital, and therefore, would be absent from work. Respondent placed Collins on personal leave as of April 24, 2023.

29. On or about May 1, 2023, Collins' doctor told him that he would be in the hospital for 10-14 days after which he would be released and would be able to return to work.

30. Therefore, very soon thereafter, Collins asked Defendant's Assistant Branch Manager for two accommodations: (1) 10-14 days of leave for the amount of time that his doctor indicated that he would be in the hospital, and (2) that he be allowed to use his sick and vacation days for the time that he would be out.

31. Defendant denied Collins' requested accommodations and responded, "Oh that

won't do" and pointed out that he had only ten days of leave available. The Assistant Branch Manger then told Collins that if he could not come back to work when his leave expired in ten days, that he should consider himself discharged.

32. Defendant did not offer Collins any other accommodations and canceled his health insurance while he was in the hospital.

33. Collins was released from the hospital on or about May 8, 2023, earlier than expected, and was able to return to work.

34. However, by that time, the ten days of leave that Defendant had allowed Collins had expired.

35. Since Defendant told Collins that he was discharged if he did not return to work by the time that his 10 days of leave expired, at the time that he was released from the hospital, Collins considered himself to have been discharged and called Defendant's office where he had worked to ask about picking up his personal items.

36. Defendant told Collins that his personal items had already been boxed up and were waiting for him, which confirmed to him that he had, in fact, been discharged.

37. Collins' doctor released him to return to work on May 8, 2023, approximately 10 working days from his first date of absence from work. Therefore, Collins needed approximately one additional day of leave before returning to work.

38. Providing Collins with one more day of leave as an accommodation for his disabilities was not an undue hardship to Defendant.

39. Collins requested a reasonable accommodation of leave to recover from his disabilities, Defendant had knowledge of his disabilities and his request for an accommodation,

but Defendant failed to provide the reasonable accommodation requested or any other reasonable accommodation.

40.     Defendant discharged Collins in retaliation for engaging in the protected activity of requesting a reasonable accommodation for his disabilities under the ADA. On or about May 1, 2023, Collins requested that Defendant provide him with an accommodation of leave under the ADA. Days after Collins requested an accommodation under the ADA, Defendant discharged him.

41.     Defendant's failure to provide Collins with the reasonable accommodation of leave and failure to offer any other reasonable accommodation violates the ADA.

42.     Defendant's discharge of Collins because of his actual and/or perceived disabilities violates the ADA.

43.     Defendant's discharge of Collins for engaging in the protected activity of requesting a reasonable accommodation for his disabilities violates the ADA.

**Aggrieved Individuals Claims**

44.     Upon information and belief, the Aggrieved Individuals, who were employees of Defendant, were qualified individuals with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

45.     Upon information and belief, the Aggrieved Individuals had physical impairments that substantially limited a major bodily function and/or a major life activity and, therefore, were disabled as defined by the ADA.

46.     Upon information and belief, Defendant also perceived the Aggrieved Individuals as having a disability, as defined by the ADA, when it discharged them because of an actual or

perceived disability.

47. Upon information and belief, the Aggrieved Individuals were qualified for the positions that they held as employees of Defendant.

48. Upon information and belief, the Aggrieved Individuals requested reasonable accommodations for their disabilities.

49. Upon information and belief, Defendant knew about their disabilities yet, denied the accommodations requested by the Aggrieved Individuals.

50. Upon information and belief, Defendant did not offer the Aggrieved Individuals other reasonable accommodations.

51. Upon information and belief, providing the Aggrieved Individuals with a reasonable accommodation for their disabilities was not an undue hardship under the ADA.

52. Defendant's failure to provide the Aggrieved Individuals with a reasonable accommodation violates the ADA.

53. Defendant's discharge of the Aggrieved Individuals because of their actual and/or perceived disabilities violates the ADA.

54. The effect of the practices complained of above have been to deprive Collins and the Aggrieved Individuals of equal employment opportunities and otherwise adversely affected their status as employees because of their actual or perceived disabilities.

55. The unlawful employment practices complained of above were intentional.

56. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Collins and the Aggrieved Individuals.

## **PRAYER FOR RELIEF**

WHEREFORE, the EEOC respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from discriminating against its employees on the basis of their disabilities, by denying them reasonable accommodations, subjecting them to different terms and conditions of employment, discharging them and/or subjecting them to retaliation for engaging in protected activity.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees who need an accommodation for their disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make Collins and the Aggrieved Individuals whole by providing appropriate back pay with pre-judgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order Defendant to make Collins and the Aggrieved Individuals whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in an amount to be determined at trial.

E.  Order Defendant to make Collins and the Aggrieved Individuals whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety, stress, and humiliation, in amounts to be determined at

trial.

F.   Order Defendant to pay punitive damages to Collins and the Aggrieved Individuals for Defendant's malicious and/or reckless conduct described above, in an amount to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the EEOC its costs in this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

ANDREW ROGERS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

MARCUS G. KEEGAN
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Assistant Regional Attorney

/s/ Steven A. Wagner
Steven A. Wagner
Trial Attorney
Georgia Bar No. 000529
steven.wagner@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Atlanta District Office

100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
(470) 531-4838 (direct)
(404) 562-6905 (facsimile)